# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

CASE NO.: _____

STEVEN MONTEALEGRE,

      **Plaintiff,**

vs.

HARMAN BECKER AUTOMOTIVE
SYSTEMS, INC.,

      **Defendant.**

_____/

## NOTICE OF REMOVAL

    TO:    The Judges of the United States District Court
            For the Northern District of Florida

Defendant, HARMAN BECKER AUTOMOTIVE SYSTEMS, INC. ("Defendant" or "Harman"), by and through its undersigned counsel, hereby files this Notice of Removal ("Notice") of the action pending in the First Judicial Circuit in and for Okaloosa County, Florida. In support of this Notice, Defendant states as follows:

## BACKGROUND AND TIMELINESS OF REMOVAL

1. Plaintiff, STEVEN MONTEALEGRE ("Plaintiff" or "Montealegre"), commenced an action against Defendant in the Circuit Court for the First Judicial Circuit in and for Okaloosa County, Florida, Case No. 2017-CA-001870F. All pleadings and papers that have been filed and served in that action are attached to this Notice as Exhibit A.

2. Defendant was served with the Complaint on June 1, 2017, and, therefore, this notice is timely filed within 30 days of Defendant's receipt of the Complaint, as required under

28 U.S.C. § 1446(b)(1). No further proceedings have been held herein, nor have any other pleadings or papers been filed other than those attached hereto as Exhibit A.

## GROUNDS FOR REMOVAL – FEDERAL QUESTION

3. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331, which gives federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. In his Complaint, Plaintiff alleges that Defendant failed to pay him "his accrued vacation pay, his accrued holiday pay, and his regular wages." Complaint, ¶ 5. In connection with this allegation, Plaintiff brings four counts against Defendant – Count 1: Breach of Contract; Count 2: Quantum Meruit; Count 3: Unjust Enrichment; and Count 4: Violation of the Fair Labor Standards Act. Each of these counts arises out of the same common nucleus of operative fact – *i.e.*, Defendant's alleged failure to pay wages and other related monies to Plaintiff.

5. Count 4 of Plaintiff's Complaint arises under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Because the FLSA is "a law of the United States," this Court has federal question jurisdiction over Count 4 pursuant to 28 U.S.C. § 1331.

6. Counts 1 through 3 of Plaintiff's Complaint arise out of the same common nucleus of operate fact as Count 4, such that all claims "form part of the same case or controversy" and should be tried together in a single judicial proceeding pursuant to 28 U.S.C. § 1367(a). *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). As a result, this Court may properly exercise supplemental jurisdiction over Counts 1 through 3 of Plaintiff's Complaint.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

7. Based on the above, this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367(a), and, consequently, that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

8. Defendant has given written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and has filed a copy of this Notice of Removal with the Clerk of the Circuit Court for the First Judicial Circuit in and for Okaloosa County, Florida.

9. This action was originally brought in Okaloosa County, Florida, which is located within the Northern District of Florida, Pensacola Division. Therefore, venue is proper because the action is being removed to the district court of the United States for the "district and division embracing the place where such action is pending" or should be pending, as required by 28 U.S.C. § 1441(a).

10. By filing this Notice of Removal, Defendant does not waive and expressly reserves all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, service of process, and personal jurisdiction.

**WHEREFORE**, Defendant requests that the above-described action now pending in the Circuit Court for the First Judicial Circuit in and for Okaloosa County, Florida be removed therefrom to this Court.

Dated this 21st day of June, 2017.

Respectfully submitted,

*s/James W. Seegers*
James W. Seegers
Florida Bar No.: 0122531
jseegers@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida 32802-0112
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served via e-mail upon:

Michael H. Crew, Esq.
mike@southern.legal
SOUTHERN LEGAL, P.A.
238 Miracle Strip Parkway SW
Ft. Walton Beach, FL 32548

*s/James W. Seegers*
James W. Seegers